NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIRST NATIONAL BANK OF ARIZONA,<br><br>                    Plaintiff,<br><br>      v.<br><br>MAJESTIC HOME MORTGAGE, et al.,<br><br>                    Defendants. | CIVIL NO. 02-2935 (SRC)<br><br>**OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on motions brought by Defendants Atoo Sakhrani and Kazuyo Sakhrani in response to this Court's May 2, 2006 Order to Show Cause.  The first motion, brought by Atoo Sakhrani, was filed on May 18, 2006, and is captioned "Notice of Motion to Vacate the May 2, 2006 Order; F.R.Civ.P. Rule 60" [docket #179].  The second motion, brought by Kazuyo Sakhrani, was also filed on May 18, 2006, and is captioned "Notion of Motion to Vacate Liens, Quiet Title, to Dismiss Kazuyo Ueda Sakhrani as a Defendant and to Oppose May 2, 2006 Order to Show Cause" [docket #178].

## I.    The May 2, 2006 Order to Show Cause

On May 2, 2006, Judge Joseph A. Greenaway, Jr. of this Court issued the Order to Show Cause [docket #174] underlying both of these motions.  That order found that on March 12, 2004, the Court had granted Plaintiff First National Bank of Arizona's

("FNBA") motion to appoint a receiver and ordered Defendant Atoo Sakhrani to submit payment of $92,065.68 to the receiver for past due mortgage and real property payments by May 1, 2004 and to submit $3,836.07 on the first day of each month beginning in April 2004.  Further, the Court found that Atoo Sakhrani did not make any payments pursuant to that order and failed to appear for a case management conference on August 23, 2004.  The Court also found that on October 18, 2004, the Court withdrew its March 12, 2004 order and instead ordered Atoo Sakhrani, by November 1, 2004, to submit $115,082.10 to the Court Registry Investment System ("C.R.I.S.") for past due mortgage and real property payments, and submit $2,600.00 on the first day of each month beginning in December 2004.  Finding that, as of May 2, 2006, Atoo Sakhrani had made no payments into C.R.I.S., the Court ordered that Atoo Sakhrani "show cause to this Court in writing by May 19, 2006, (1) why he should not be held in contempt of this Court for failure to obey the orders of this Court, including the failure to make any payments into C.R.I.S. in accordance with the October 18, 2004 order of this Court and (2) why title of this property located at Apartment 59, Great Gorge Road, Cliffside Park, N.J. should not be divested from him and vested in FNBA as the appropriate sanction for his contempt."

## II.    Atoo Sakhrani's Motion to Vacate

Atoo Sakhrani's filing is captioned "Motion to Vacate the May 2, 2006 Order; F.R.Civ.P. Rule 60."  An order to show cause may not be vacated under Federal Rule of Civil Procedure 60.  Instead, a party subject to an order to show cause may discharge such an order by making the appropriate showing.  Because we construe pro se pleadings liberally, we will treat Atoo Sakhrani's motion as a response to the order to

show cause intended to explain why he should not be held in contempt for failing to make payments into C.R.I.S. and why title of the property should not be divested from him as the appropriate sanction for his contempt.[1]

In his filing, Atoo Sakhrani argues that he discharged his obligation to make payments into C.R.I.S. by filing a "Notice of Assignment & Assignment of Judgment" with the District Court on June 21, 2004.  That document purports to assign to the District Court a $500,000 portion of a judgment issued by the United States District Court in favor of Atoo Sakhrani against the Takhi Corporation.  This judgment was obtained more than seven years ago by default against a corporation headquartered in Ulaanbaatar, Mongolia.  Atoo Sakhrani also argues that this Court lacks subject matter jurisdiction, that "the mortgage loan and note were rescinded," and that "Prior to the filing of any suit by Plaintiff FNBA, Defendants Atoo Heera Sakhrani and Kazuyo Ueda Sakhrani were already married."

The Court finds that Sakhrani has not met his burden of demonstrating compliance with the October 18, 2004 order of the Court or good cause for failing to do so.  The October 18, 2004 order expressly required Atoo Sakhrani to "submit the amount of $115,082.10 to C.R.I.S. for past due mortgage and real property payments by November 1, 2004" and to "submit the amount of $2,600.00 to C.R.I.S. by the 1st day of every month, commencing December 1, 2004, for the current mortgage and real property payments."  That order was not satisfied by Atoo Sakhrani's assignment of a default judgment entered against a foreign company.  Moreover, Atoo Sakhrani has not

---

[1]Because the "Notice of Motion" is clearly a response to the Order to Show Cause, the motion will be dismissed as moot.

demonstrated any legitimate reason, such as financial hardship, for failing to comply with the Court's October 18, 2004 Order.

None of Atoo Sakhrani's other objections constitute a basis for failing to comply with a direct order of the Court.  Judge Greenaway's order did not invite re-litigation of issues previously determined by this Court.  As such, this Court will not entertain Atoo Sakhrani's arguments that this Court lacks subject matter jurisdiction over this matter.[2] Defendant's other arguments, while possibly related to the underlying merits of the litigation, do not in any way demonstrate an excuse for failing to comply with the direct order of the Court to submit payments to C.R.I.S.

As a result, Atoo Sakhrani will be held in contempt of this Court.  Atoo Sakhrani will have 30 days to purge himself of contempt through compliance with the Court's October 18, 2004 Order.  In order to effect such compliance, Atoo Sakhrani must pay into C.R.I.S., within 30 days of this order, a total amount of $185,282.10.  This includes the $115,082.10 payment ordered on October 18, 2004, as well as $70,200 of payments that have accrued between December 1, 2004 and the present date.  Should Atoo Sakhrani fail to purge himself of contempt, this Court shall entertain applications

---

[2]Defendant Atoo Sakhrani's arguments regarding subject matter jurisdiction have been conclusively rejected by this Court on numerous occasions.  *See, e.g.*, Order, June 20, 2005, docket #134 (J. Greenaway); Order May 4, 2004, docket #70 (J. Greenaway).  Despite this, Defendant Atoo Sakhrani continues to maintain that this Court lacks jurisdiction over this matter because Defendant is a United States citizen domiciled abroad.  This argument will no longer be considered by the Court.  This Court agrees with Judge Greenaway that "a party's failure to understand or accept orders that a court issues, and the consequent decision by that party to file repetitious orders has 'significant' ramifications for the court system, because such repetitive filings have a 'cumulative effect' of 'clogging the processes of the court.'"  Order, June 20, 2005, docket #134 (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995)).

for appropriate civil sanctions, including civil incarceration.

The Court will not at this point in time divest Atoo Sakhrani of title of the Cliffside Park property or make any determination as to title because there is not a sufficient record before the Court.

## II.   Kazuyo Sakhrani's Motion

Kazuyo Sakhrani's filing is captioned, "Motion to Vacate Liens, Quiet Title, to Dismiss Kazuyo Ueda Sakhrani as a Defendant and to Oppose May 2, 2006 Order to Show Cause."  Reviewing Kazuyo Sakhrani's pleading, it appears that Defendant Kazuyo Sakhrani is arguing that as a matter of law, this Court should vacate the liens against the property, quiet title of the property, and dismiss Kazuyo Sakhrani as a defendant.  Essentially the pleading is a motion for summary judgment as to all claims against Kazuyo Sakhrani, and will be construed as such by the Court.

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Penn. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

-5-

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita*, 475 U.S. at 586; *see also Anderson*, 477 U.S. at 247-48.  The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold").

Kazuyo Sakhrani argues that "[b]ecause my husband and I are 'Tenants-By-The-Entireties', we both have a 100% full interest in the 300 Gorge Road, Apt. #59, Cliffside Park, New Jersey property."  She argues that they were legally married before any mortgage closing, and as such the 300 Gorge Road property "cannot be liened, encumbered, sold, or interest divested to pay the debts of my husband, Atoo Heera Sakhrani, because I own 100% of said property."  Kazuyo Sakhrani's legal arguments hinge on her claims that her and her husband were married at the time that the mortgage papers were signed.  In support of her motion, Kazuyo Sakhrani did not submit a marriage certificate or any other documents proving the date of her marriage to Atoo Sakhrani.

In response to Kazuyo Sakhrani's filing, the Plaintiff, FNBA, submitted a letter brief, in which they argued that the Sakhranis were married after Atoo Sakhrani's

mortgage closing with FNBA, and therefore, FNBA's property interest in superior to

Kazuyo Sakhrani's tenancy by the entirety.  In support of this argument, FNBA points to

conflicting testimony by both Sakhranis regarding the date of their marriage and the

lack of any marriage certificate or documentary proof of the Sakhranis' marriage date.

FNBA also directs the Court to evidence in the record supporting its contention that the

Sakhranis were not married prior to the closing of the mortgage.  FNBA notes that the

mortgage closing between Atoo Sakhrani and FNBA occurred on January 17, 2002.  At

the time of the closing, Mr. Sakhrani executed an "Affidavit of Title" on which he

checked the box stating "We are not married."  FNBA also presented Atoo Sakhrani's

interrogatory answers and deposition testimony in which Atoo Sakhrani testified that he

and his wife were married on January 27, 2002.

In reply, Kazuyo Sakhrani submitted a letter brief in which she again argued that

she and Atoo Sakhrani were married prior to the mortgage closing date.  Specifically,

she argues that the marriage was legally recognized in Japan on December 27, 2001,

with the religious ceremony occurring on January 27, 2002.  In support of her argument,

Kazuyo Sakhrani attached a "true and accurate notarized copy of my 'legal'

CERTIFICATE OF MARRIAGE from Japan, showing that the marriage was 'legally

recognized' on December 27, 2001."

The Court cannot grant summary judgment to Kazuyo Sakhrani, as there exists a

contested issue of material fact– specifically, whether her marriage to Atoo Sakhrani

occurred prior to the mortgage closing on January 17, 2002.  Resolution of the claims

against Kazuyo Sakhrani requires resolution of this contested factual issue, among

others.  Both parties have presented relevant evidence as to this issue.  FNBA points to

testimony by Atoo Sakhrani, while Kazuyo Sakhrani has presented what is alleged to be a marriage certificate.  However, since this is the first time in this protracted litigation that any marriage certificate has surfaced, the Court will allow additional discovery by Plaintiff.  The Court will direct that Plaintiff may conduct further discovery, including additional depositions, within thirty days of this order, to explore Kazuyo Sakhrani's basis for claiming that her and Atoo Sakhrani were married at the time of the mortgage closing.  Further, the Court notes that the admissibility of the foreign marriage certificate is governed by Federal Rule of Evidence 902(3) and Federal Rule of Civil Procedure 44(a)(2).  Defendant must follow the procedures set forth in these rules in order to have the marriage certificate considered by this Court.

## V.      Conclusion

For the reasons set forth above, this Court will hold Atoo Sakhrani in contempt of Court; dismiss Atoo Sakhrani's "Motion to Vacate the May 2, 2006 Order; F.R.Civ.P. Rule 60" as moot; and deny Kazuyo Sakhrani's "Motion to Vacate Liens, Quiet Title, to Dismiss Kazuyo Ueda Sakhrani as a Defendant and to Oppose May 2, 2006 Order to Show Cause."  In addition, the Court will direct that Plaintiff may conduct additional limited discovery related to Kazuyo Sakhrani's basis for claiming she and Atoo Sakhrani were married at the time of the mortgage closing.

        /s/ Stanley R. Chesler
        Stanley R. Chesler, U.S.D.J.

Dated: February 7, 2007